UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS
——

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      v.

DAVID SECHOVICZ,

      Defendants.

Case No. 1:19-cv-12027

## FINAL JUDGMENT AS TO DEFENDANT DAVID SECHOVICZ

The Securities and Exchange Commission having filed a Complaint and Defendant David

Sechovicz ("Sechovicz" or "Defendant") having entered a general appearance; consented to the

Court's jurisdiction over him and the subject matter of this action; consented to entry of this

Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph VIII), waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sechovicz is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

      (a)     to employ any device, scheme, or artifice to defraud;

1

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, statements, materials, video, graphics, media or other forms of information, or making or transmitting, either orally or in writing, any false or misleading statement in any communication to  any investor or prospective investor, about:  any investment in, trading in, or offering of securities; the prospects for success of any product or company; the use of investor funds; the compensation received by issuers, brokers, or other parties in any offering or trading or securities; or the registration status of such offering or of such securities.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Sechovicz is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;
or

(c)    to engage in any transaction, practice, or course of business which operates or
would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii)
disseminating false or misleading documents, statements, materials, video, graphics, media or
other forms of information, or making or transmitting, either orally or in writing, any false or
misleading statement in any communication to any investor or prospective investor, about: any
investment in, trading in, or offering of securities; the prospects for success of any product or
company; the use of investor funds; the compensation received by issuers, brokers, or other
parties in any offering or trading or securities; or the registration status of such offering or of
such securities.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Sechovicz
is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C.
§ 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any
means or instruments of transportation or communication in interstate commerce
or of the mails to sell such security through the use or medium of any prospectus
or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to
be carried through the mails or in interstate commerce, by any means or
instruments of transportation, any such security for the purpose of sale or for

3

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Sechovicz is

permanently restrained and enjoined from directly or indirectly, including through any entity he

owns or controls, participating in the marketing, offer, or sale of securities over the Internet or

via email or other forms of electronic communication; provided, however, that such injunction

shall not prohibit Sechovicz from offering or selling securities for his own personal account;

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs I through IV also bind the

following who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

Sechovicz's officers, agents, servants, employees, and attorneys; and (b) other persons in active

concert or participation with Sechovicz or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Sechovicz

is liable for disgorgement of $1,899,837, representing profits gained as a result of the conduct

4

Case 1:19-cv-12027-FDS   Document 7   Filed 11/04/19   Page 5 of 7

alleged in the Complaint, together with prejudgment interest thereon in the amount of $83,571, and a civil penalty in the amount of $949,918.50, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Sechovicz shall satisfy this obligation by paying installments to the Securities and Exchange Commission according to the following schedule: (1) $25,000 within fourteen days after entry of this Final Judgment, leaving a balance of $2,908,326.50; (2) $25,000 within 90 days of this Final Judgment, leaving a balance of $2,883,326.50; (3) $25,000 within 180 days of the Final Judgment, leaving a balance of $2,858,326.50; (4) payment of the balance of $2,858,326.50 within 360 days after entry of this Final Judgment. Should the Commodity Futures Trading Commission ("CFTC") in another proceeding also seek disgorgement against Sechovicz for the same conduct at issue in the Complaint (but based on violations of laws and rules enforced by the CFTC), any disgorgement or interest on disgorgement that Sechovicz has paid or does pay to the CFTC as a result of that proceeding shall, a dollar-for-dollar basis, reduce his disgorgement or interest (but not his penalty) obligations in this case, provided that he provides proof to the Commission of his payments to the CFTC.

Sechovicz may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the website at http://www.sec.gov/about/offices/ofm.htm. He may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

     Enterprise Services Center
     Accounts Receivable Branch
     6500 South MacArthur Boulevard
     Oklahoma City, OK 73169

5

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "David Sechovicz" as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Sechovicz shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this case.

By making payment, Sechovicz relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment as authorized by law, including by moving for civil contempt and/or by undertaking other collection procedures, at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Sechovicz shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Sechovicz, and further, any debt for

6

disgorgement, prejudgment interest, civil penalty or other amounts due by him under this Final

Judgment or any other judgment, order, consent order, decree or settlement agreement entered in

connection with this proceeding, is a debt for the violation by him of the federal securities laws

or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _November 4, 2019_

_____
UNITED STATES DISTRICT JUDGE